**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RHODE-NYC, LLC | ) | Civil Action No. 22-5185 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE FOR** |
| | ) | **PRELIMINARY INJUNCTION** |
| RHODEDEODATO CORP., HRBEAUTY, | ) | |
| LLC d/b/a RHODE, and HAILEY BIEBER, | ) | |
| | ) | |
| Defendants. | | |

Upon the consideration of the Verified Complaint, filed June 21, 2022, the Declaration of

Phoebe Vickers, dated June 21, 2022, and the exhibits annexed thereto, the Declaration of Purna

Khatau, dated June 21, 2022, and the exhibits annexed thereto, and upon the accompanying

Memorandum of Law in Support of Plaintiff Rhode-NYC, LLC's Order to Show Cause for a

Preliminary Injunction, dated June 21, 2022; and

The Court having reviewed and considered the Verified Complaint, the Vickers and

Khatau Declarations, and Memorandum of Law;

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants Rhodedeodato Corp.,

HRBeauty, LLC d/b/a Rhode, and Hailey Bieber ("Defendants"), appear before this Court,

located at the United States Courthouse, 500 Pearl Street, New York, New York, Courtroom

_____, on _____, 2022, at the hour of _____, then and there to show cause, if any it

has, why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be

issued enjoining and restraining Defendants and their subsidiaries, parent(s), related companies,

officers, agents, servants, employees, warehousemen, warehousers, distributors, attorneys,

successors and assignees, and all persons in active concert or participation with any of them

from:

1

(a)    Imitating, copying or making unauthorized use of the RHODE Marks,[1] trade name or domain name either standing alone or as part of any other name or mark;

(b)    Using "RHODE" or any reproduction, counterfeit, copy, colorable imitation thereof, or any words confusingly similar, as a trademark, trade name, domain name or otherwise in connection with the advertising, display, sale, offering for sale or distribution of any products in any medium, including but not limited to sales on the Internet or on Instagram or other social media sites, in such a manner that is likely to cause confusion or mistake or to deceive customers or the public or give the impression that Rhode or their products or services originate with, are affiliated with, are sponsored by, approved by, or in any way connected to Defendants;

(c)    Using as a name or mark "RHODE" or any variation thereon;

(d)    Using any name, mark, or false designation of origin, or false description, or performing any act which can, or is likely to, lead members of the public to believe that any service or product provided by Rhode is in any manner associated or connected with Defendants or is sold, licensed, sponsored, approved or authorized by Defendants;

(e)    Using "RHODE" as a metatag or in any hidden data, including but not limited to, in conjunction with any internet searching tool;

(f)    Using the name "RHODE" alone or in combination with any other words or letter, as a domain name on the Internet or as a handle on Instagram;

(g)    Engaging in any activity constituting unfair competition with Rhode, or constituting an infringement of Rhode's trademarks or trade name;

---

[1] The "RHODE Marks" include three U.S. trademark registrations for RHODE—for clothing (Reg. No. 5286239), handbags (Reg. No. 6267443), and textiles, children's and women's clothing, hair accessories, dolls, puzzles, and holiday ornaments (Reg. No. 6539188), as well as the common law rights to the mark RHODE and to its tagline, "on the rhode" in use by Plaintiff Rhode since 2014.

(h)      Registering or applying to register as a trademark, service mark, trade name, Internet domain name, or any other source identifier or symbol of origin "RHODE" or any variation thereon or any other mark or name that infringes on or is likely to be confused with Rhode's trademarks or trade name;

(i)       Shipping, importing, delivering, distributing, returning, or otherwise disposing of in any manner products or inventory bearing the RHODE Marks or any mark confusingly similar to the RHODE Marks without authorization by Rhode; and

(j)       Further infringing the RHODE Marks and damaging Rhode's goodwill and business reputation.

IT IS FURTHER ORDERED that service of a copy of this Order, together with copies of the papers upon which it is granted, on the Defendants on or before 5:00 p.m. on _____, 2022, shall be deemed good and sufficient service hereof.  Answering papers, if any, are to be served on Plaintiff Rhode's counsel on or before noon on _____, 2022. A reply, if any, is to be served on Defendants' counsel on or before noon on _____, 2022.


DATED:      New York, New York          _____
June ___, 2022                                            U.S.D.J.