UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
:
RHODE-NYC, LLC,
:
      Plaintiff,        22-CV-5185 (LGS) (SLC)
:
vs.        **EVIDENTIARY OBJECTIONS TO DECLARATION OF PURNA KHATAU (DKT. 9) & SELECTED EXHIBITS THERETO**
:
RHODEDEODATO CORP., et al.,
:
      Defendants.
:
:
---------------------------------------- X

Defendants Rhodedeodato Corp., HRBeauty LLC, and Hailey Rhode Bieber (collectively, "Defendants"), by and through counsel, hereby submit their evidentiary objections to the Declaration of Purna Khatau ("Khatau Declaration") (Dkt. 9) and selected exhibits thereto, filed concurrently with and cited in Plaintiff's Motion for Preliminary Injunction ("Motion").

As detailed below, the Khatau Declaration includes allegations and evidence that are objectionable for several reasons, in particular her speculation regarding matters not subject to her personal knowledge and failure to lay proper foundation for testimony and documents. Such evidence should be disregarded or given little or no weight in the determination of Plaintiff's Motion.

Defendants request that the Court sustain the following objections. Defendants' decision not to object to other testimony and exhibits in the Khatau Declaration is not an admission that such evidence is relevant or admissible.

1

## OBJECTIONS TO THE DECLARATION OF PURNA KHATAU

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| 1. | "We are well-known for our bold and colorful prints and certain dress designs – including The Ella and The Pia – two of our iconic shapes." (¶ 7) | Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant fails to lay foundation for the representation that Plaintiff is "well-known." | Sustained: _____<br>Overruled: _____ |
| 2. | "RHODE has come to be a recognized and loved brand sold at high-end stores around the world." (¶ 8) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant fails to lay foundation for the representation that Plaintiff is a "recognized and loved brand … around the world."  Furthermore, trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers. | Sustained: _____<br>Overruled: _____ |
| 3. | "In the United Kingdom, Harrods and Brown Thomas, two of the most exclusive brick-and-mortar shops in London and Dublin, are scheduled to host pop ups for the brand in coming weeks.  Several top online retailers of luxury brands—including MatchesFashion, Net A Porter, and Revolve—sell RHODE products to consumers around the world, and Rhode has collaborated with other well-known retailers, including Shopbop." (¶ 8) | Fed. R. Evid. 402 (relevance) – As to marketing, sales and partnerships with retailers outside of the United States.  Trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers.<br>Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – As to exclusivity of Harrods and Brown Thomas. | Sustained: _____<br>Overruled: _____ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| 4. | "Many celebrities and influencers are fans of our brand." (¶ 10) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) | Sustained: ____<br>Overruled: ____ |
| 5. | "We have received widespread media coverage. The RHODE brand has been featured in dozens of fashion and lifestyle magazines, including Vogue, Vogue UK, Vogue India, Harper's Bazaar, Harper's Bazaar Singapore, Women's Wear Daily, Oprah Magazine, InStyle, Elle, Marie Claire, and Travel + Leisure." (¶ 11; Exhibit 5) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge) – Trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers.  Furthermore, the declarant suggests that Plaintiff's brand has been "featured" in identified publications, but the attached exhibit indicates that Plaintiff was mentioned only briefly, and in only three of the identified publications.  Furthermore, the reference in Vogue was online and not in a "magazine[]" as indicated in the declaration. | Sustained: ____<br>Overruled: ____ |
| 6. | "We devote significant resources to advertising.  In 2021, Rhode spent more than $1 million on brand advertisement, and the company is on track to spend around 30% more in 2022." (¶ 14) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – Declarant does not specify whether and to what extent advertising expenditures are directed to U.S. consumers. Trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers. | Sustained: ____<br>Overruled: ____ |
| 7. | "All of this hard work has paid off, and we have enjoyed an upward trajectory in our sales year over year.  After just $100,000 in our first year of | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – Declarant does not specify whether and to what extent sales are from U.S. consumers. | Sustained: ____<br>Overruled: ____ |

3

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | business, our sales last year were $9 million and our projected sales for this year are approximately $14.5 million.  Although the COVID pandemic created extremely challenging circumstances for all retailers, the company has been thriving and we are projecting $20 million in sales for 2023." (¶ 15) | Trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers. |  |
| 8. | "Rhode's website, www.shoprhode.com—which is the basis for a relatively small subset of Rhode's total revenue—had 2.7 million page visits in 2021 and is on track for 3.6 million page visits in 2022." (¶ 16) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – Declarant does not define "page visits" and does not specify whether and to what extent visits are from U.S. consumers.  Trademark infringement under the Lanham Act concerns likelihood of confusion among *U.S.* consumers. | Sustained: ____<br>Overruled: ____ |
| 9. | "Through our efforts we have amassed a loyal following, including 190,000 followers on Instagram." (¶ 17) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – Declarant does not specify whether and to what extent followers are U.S. consumers. | Sustained: ____<br>Overruled: ____ |
| 10. | "In addition to our long term, continuous use of the RHODE mark and 'ontheRhode' tagline, we have taken efforts to protect our RHODE trademark in the U.S. Patent and Trademark Office.  In June 2013, we applied to for a U.S. trademark registration for the mark "RHODE RESORT." (¶ 18) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – The applied for mark was RHODE RESORT, not RHODE, and the referenced registration was abandoned by Plaintiff and is no longer in force.  Furthermore, Plaintiff is not alleging infringement of "ON THE ROAD" or "#ontheroad." | Sustained: ____<br>Overruled: ____ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| 11. | "We have at times considered expanding into cosmetics and skin care. In fact, one of our recent collaborators asked us specifically if we could add some cosmetics products to our collaboration. Although we have not yet expanded to beauty products, it is a natural and expected extension and a step we hoped to take in the future." (¶ 21) | Fed. R. Evid. 602 (lack of foundation) – Declarant does not identify the "collaborator[]."<br>Fed. R. Evid. 801 (hearsay). | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 12. | "It is also very common for clothing brands and designers to pair up for a collaboration with a skin care or cosmetics line." (¶ 22) | Fed. R. Evid. 602 (lack of foundation/personal knowledge).<br>Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 13. | "While I am aware of a few companies using names such as 'Elliot Rhodes,' 'Zandra Rhodes,' and 'Trumbull Rhodes,' those are sufficiently different that none of those brands have ever caused confusion with our brand." (¶ 23) | Fed. R. Evid. 602 (lack of foundation/personal knowledge).<br>Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 14. | "There was no confusion until just recently in 2022, when we learned that Ms. Bieber intended to and was in fact ready to launch her skin care line, 'rhode', on June 15, 2022." (¶ 28) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant implies that actual consumer confusion has occurred. | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 15. | "Almost immediately after the press around that upcoming launch picked up, we started to see instances | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial) – Declarant implies that actual | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |

5

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | of confusion in the marketplace and harm to our RHODE brand resulting from the Bieber launch." (¶ 29) | consumer confusion has occurred.<br><br>Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Both as to actual confusion and purported harm, which the declarant merely speculates about. |  |
| 16. | "The Bieber launch has already caused confusion in the marketplace." (¶ 31) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant implies that actual consumer confusion has occurred. | Sustained: ____<br>Overruled: ____ |
| 17. | "Upon information and belief, Ms. Bieber controls the @rhode verified Instagram account. To illustrate another problem, we had been promised that account since it was dormant per Instagram policy, but after initially promising it to us, Instagram decided to allow Ms. Bieber to use it even though it had no posts until June 8, 2022. Even so, to my knowledge as of June 14, it had acquired 247,000 followers, all before any 'rhode' products had even launched. In the meantime, we have been unable to get our handle @shoprhode verified on Instagram despite that [sic] fact that we meet all the criteria for | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant misleadingly implies that Defendants acted improperly by registering and using the @rhode Instagram handle, and speculates without evidence that Defendants' control of the handle is responsible for depriving Plaintiff of Instagram verification. | Sustained: ____<br>Overruled: ____ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | verification and many less well-known brands are verified.  We are certain that it is because we have the same brand as Ms. Bieber that Instagram will not verify us." (¶ 33) |  |  |
| 18. | "We began seeing evidence of likely confusion before the launch even occurred." (¶ 38) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____ Overruled: ____ |
| 19. | "Notably, even before the launch we noticed that people were tagging our clothing on Instagram with Ms. Bieber's handle, @rhode instead of our handle, which is @shoprhode.  What that means is people will be directed to Ms. Bieber instead of us when they are looking to find or purchase our products." (¶ 39) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant is describing mistake, akin to typing in the wrong email address or dialing the wrong phone number, not actual confusion. | Sustained: ____ Overruled: ____ |
| 20. | "One Instagram user asked Instagram account @fashionbombdaily (an account with 2 million followers) to 'find this dress'—a RHODE dress—as worn by the celebrity Hilary Duff. Obviously confused by Defendants' use of 'RHODE,' the @fashionbombdaily account mistakenly tagged the dress with Defendants' @rhode handle, *not* | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant implies that the referenced post is an example of actual confusion caused by Defendants' use of the RHODE mark, but the identified post was made months prior to Defendants' announcement and launch of their RHODE skin care line. | Sustained: ____ Overruled: ____ |

7

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| | Plaintiff's @shoprhode handle." (¶ 40; Exhibit 23) | Fed. R. Evid. 901 (lack of foundation). | |
| 21. | "The dress was then re-posted and re-tagged by other accounts, again with the wrong account linked. For instance, the account @checkthetag, which has 119,000 followers on Instagram, also tagged @rhode instead of @shoprhode." (¶ 41; Exhibit 24) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant implies that the referenced post is an example of actual confusion caused by Defendants' use of the RHODE mark, but the identified original post was made months prior to Defendants' announcement and launch of their RHODE skin care line, and the re-post reflected in Ex. 24 is undated and thus lacks foundation.<br><br>Fed. R. Evid. 901 (lack of foundation). | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 22. | "The screenshots from Instagram attached as Exhibit 25 each show Rhode's clothing tagged with Ms. Bieber's handle @rhode and not RHODE's own handle @shoprhode." (¶ 42; Exhibit 25) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant implies that the referenced posts are examples of actual confusion caused by Defendants' use of the RHODE mark, but the identified posts were made months prior to Defendants' announcement and launch of their RHODE skin care line or are undated.<br><br>Fed. R. Evid. 901 (lack of foundation). | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 23. | "These mistags are like resulting in lost sales to | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 | Sustained: \_\_\_\_ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| | Rhode since users are not being directed to our Instagram page; they are being directed instead to Ms. Bieber's." (¶ 43) | (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant asserts that the referenced posts are resulting in lost sales, which is impossible with respect to posts made months prior to Defendants' announcement and launch, and lacking foundation, as to those posts that are undated. | Overruled: ____ |
| 24. | "In February 2022, I received a contact from our sales agent, who reached out after reading about Ms. Bieber's plans to use 'rhode' in the *Wall Street Journal*, wondering whether we had trademarked the name and how Ms. Bieber could use it given that." (¶ 44; Exhibit 26) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____<br>Overruled: ____ |
| 25. | "Despite Ms. Bieber's counsel's claims that Ms. Bieber was going to be operating in a different industry than ours and that she would not be using 'rhode' on clothing, her launch in many respects appeared specifically designed to be targeting us and our clothing line." (¶ 46) | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____<br>Overruled: ____ |
| 26. | "It is not at all obvious to consumers whether these items are for sale or simply promotion. In any event, individuals online have indicated that they would | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation); | Sustained: ____<br>Overruled: ____ |

9

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | like to purchase those clothing items and asked when they would be available." (¶ 48) | Fed. R. Evid. 1002 (best evidence rule); Fed. R. Evid. 801 (hearsay). |  |
| 27. | "The hinting at offering clothing very shortly thereafter proved to be true. Two days after the launch, on Friday, June 17, 2022, we became aware that a Tiktok poster (with 144k followers) tagged and was commenting on Ms. Bieber's new 'rhode' skin care line. The Tiktoker lamented that Ms. Bieber is best known for a certain style, and the Tiktoker asked Ms. Bieber to please offer clothes under the 'rhode' mark as well. Ms. Bieber posted in response 'Clothes will come :)' *See* https://www.tiktok.com/@marissaspagnoli/video/7106559283122228522?is_copy_url=1&is_from_webapp=v1; *see also* Exhibit 29 (still frame from TikTok video). There is now no mystery as to whether Ms. Bieber intends to fully encroach on our RHODE band in clothing – she clearly does." (¶ 50; Exhibit 29) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant improperly speculates that Ms. Bieber was referring to selling clothes under the trademark RHODE. | Sustained: ____ Overruled: ____ |
| 28. | "Since the very beginning of our company we have also used the hashtag #ontherhode. This is another important part of our marketing as fans have come to associate this tagline with RHODE, using | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial; Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____ Overruled: ____ |

10

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | it to elevate pictures for our review and to identify our products online." (¶ 52; Exhibit 32) |  |  |
| 29. | "Ms. Bieber seems to be purposefully encroaching on our brand and the operation of our company. She certainly is ensuring confusion by the consuming public." (¶ 52) | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). |  |
| 30. | "Right after the launch, I received a copy of a text from a family member. A friend who is familiar with our RHODE brand was congratulating us on the collaboration with Ms. Bieber. She was shocked to hear that we were not in a collaboration." (¶ 53; Exhibit 34) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 801 (hearsay); Fed. R. Evid. 901 (lack of foundation). – Actual confusion inquiry "focuses on the consuming public as a whole, not interested parties already familiar with the plaintiff's mark through personal connections." *Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*, 838 F. Supp. 2d 141, 162 (S.D.N.Y. 2011). *See W.W.W. Pharm. Co. v. Gillette Co.*, 984 F.2d 567, 574 (2d Cir. 1993) (quoting *Freedom Sav. and Loan Assoc. v. Way*, 757 F.2d 1176, 1185 (11th Cir.), cert. denied, 474 U.S. 845, 88 L. Ed. 2d 110, 106 S. Ct. 134 (1985)). | Sustained: _____ Overruled: _____ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| 31. | "Shortly after the launch, I was forwarded a text from a Rhode sales agent who has received a text from a specialty store that carries Rhode's products. The store believed we had hired Ms. Bieber's as a spokesperson and were selling skin care." (¶ 54; Exhibit 35) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 801 (hearsay); Fed. R. Evid. 901 (lack of foundation) – "[A]ctual confusion factor assesses *consumer* confusion." *See Giggle, Inc. v. netFocal Inc.*, 856 F. Supp. 2d 625, 636 (S.D.N.Y. 2012) (emphasis original) (noting that "[w]hile vendors and manufacturers may be customers of Plaintiff's business, they are not representative of the typical consumer of retail goods."). | Sustained: ____ <br> Overruled: ____ |
| 32. | "On Saturday, June 18, an individual commented on our Instagram post asking, 'Where do I find your new skincareline?'" (¶ 55; Exhibit 36) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 901 (lack of foundation) – Declarant does not lay proper foundation for the screenshot or the relevance of the statement therein, which may be from an individual outside of the U.S. | Sustained: ____ <br> Overruled: ____ |
| 33. | "Most recently, on June 20, 2022, a woman—who had never been a customer of Rhode—forwarded an email confirmation of her $74 purchase of 'rhode' skin care products to the Rhode customer service email account, care@shoprhode.com. In her message, she wrote, 'Hi there, I'm just following up to see when my order will ship?' Clearly, we are not shopping any 'rhode' skin | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403; Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation) (misleading/unfairly prejudicial) – Mistakenly contacting one party intending to contact another is not evidence of confusion. *Reply All Corp. v. Gimlet Media, LLC*, 843 F. App'x 392, 397–98 (2d Cir. 2021). Furthermore, Declarant admits individual was not a customer of Plaintiff. | Sustained: ____ <br> Overruled: ____ |

12

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| | care products. This consumer was confused by the brands." (¶ 56; Exhibit 37) | Accordingly, the individual cannot be confused in the relevant sense, *i.e.*, in a manner that affects purchasing decisions. *Medici Classics Prods. LLC v. Medici Grp. LLC*, 683 F. Supp. 2d 304, 313 (S.D.N.Y. 2010). | |
| 34. | "We have also received a number of posts from our Instagram fans telling us that confusion is likely and that we should take action." (¶ 57) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation); Fed. R. Evid. 801 (hearsay) - Concerns out-of-court statements offered for the truth of the matter asserted. | Sustained: ____<br>Overruled: ____ |
| 35. | "Notably, there were a variety of other names that Ms. Bieber could have chosen to use for her brand. Upon information and belief, she has attempted to register many of them with the US Patent and Trademark Office, including HRB3, Bieber Beauty (which was denied due to confusion with her husband, Justin Bieber's brand), Moodboard, HB Beauty by Hailey Bieber, HR Beauty, Dew Beauty, Dewy Beauty, HRB, Hailey Baldwin, and Hailey Bieber." (¶ 58) | Fed. R. Evid. 402 (relevance); Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____<br>Overruled: ____ |
| 36. | "Ms. Bieber's ability to saturate the market with her use of 'rhode' has the possibility, not only to confuse consumers, but essentially kill our brand. | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant's conclusion regarding | Sustained: ____<br>Overruled: ____ |

13

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| | Her brand reach and recognition has likely already surpassed ours and it is possible some consumers will assume that we are collaborating with Ms. Bieber, or that we are sponsored by her, or otherwise affiliated with her. But it is also very likely that once the market is saturated with Ms. Bieber's use of 'rhode,' consumers that are just being introduced to us will assume that WE are the second comers and that we are somehow mis-using Ms. Bieber's brand or notoriety." (¶ 59) | the alleged harm to Plaintiff caused by Defendants' use of RHODE is an improper opinion that lacks foundation. Declarant's conclusion is purely speculative and based upon assumptions, not facts. | |
| 37. | "We believe that this introduction of a new 'rhode' into the mix may affect our ability to get future collaborations with retail stores since they will be hesitant to collaborate with a brand that is eclipsed by Ms. Bieber's brand. Moreover, the value of such collaborations is vanishing for us: we use those collaborations for brand awareness but now consumers will likely all assume that it is Ms. Bieber's rhode that is in the collaborations and not Rhode." (¶ 60) | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation); Fed. R. Evid. 701 (improper opinion/speculation) – Declarant's conclusion regarding the alleged harm to Plaintiff caused by Defendants' use of RHODE is an improper opinion that lacks foundation. Declarant's conclusion is purely speculative and based upon assumptions, not facts. | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |
| 38. | "Should Ms. Bieber decide to sell her brand other than direct-to-consumer, here [sic] will be additional | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation); Fed. R. Evid. 701 | Sustained: \_\_\_\_<br>Overruled: \_\_\_\_ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
|  | confusion and lost sales. Department stores and online retailers list their goods by brand – those lists are in simple type without logo. As a result, there will be two 'RHODE's listed back-to-back and in any such retail store's listing with no indication which is which. This may cause certain stores to decide to discontinue our, less popular, brand." (¶ 61) | (improper opinion/speculation) – Declarant's conclusion regarding the alleged harm to Plaintiff caused by Defendants' use of RHODE is an improper opinion that lacks foundation. Declarant's conclusion is purely speculative and based upon assumptions, not facts. |  |
| 39. | "However, it is now likely that a buyer/investor will have little interest in buying a brand that has the same name as Ms. Bieber's and has little room for growth due to her expanding 'empire.' The existence of 'rhode' diminishes our brand value and the name we have worked so hard to build." (¶ 62) | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____ <br> Overruled: ____ |
| 40. | "It is disappointing to me that an entrepreneurial woman, whom we've long been fans of, is trying to stifle what we have built. Although she clearly values our name, she could have named her brand any number of other names and enjoyed success. All we have is our name that we have worked so hard to build; we are saddened that she is able to just take that from use due to her celebrity status. We would have hoped that she would | Fed. R. Evid. 403 (misleading/unfairly prejudicial); Fed. R. Evid. 602 (lack of foundation/personal knowledge); Fed. R. Evid. 701 (improper opinion/speculation). | Sustained: ____ <br> Overruled: ____ |

| NO. | CHALLENGED EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| | have sought to use her platform to elevate women and minority co-owned business like ours, and at the very least we would expect her not to destroy it." (¶ 63) | | |

Dated: New York, New York
July 13, 2022

Respectfully submitted,

COOLEY LLP

By:   */s/ Michael Rhodes*
      Michael Rhodes *(pro hac vice)*
      3 Embarcadero Center, 20th Floor
      San Francisco, CA 94111
      Phone: (415) 693-2181
      Email: rhodesmg@cooley.com

      Brendan Hughes *(pro hac vice)*
      Rebecca Givner-Forbes *(pro hac vice pending)*
      1299 Pennsylvania Ave., NW, Suite 700
      Washington, DC 20004
      Phone: (202) 842-7800
      Email: bhughes@cooley.com
             rgf@cooley.com

      Joseph Drayton
      55 Hudson Yards
      New York, NY 10001-2157
      Phone: (212) 479-6539
      Email: jdrayton@cooley.com

*Counsel for Defendants*