# Cooley

Brendan J. Hughes
T: +1 202 842 7826
bhughes@cooley.com

Via ECF

Application **DENIED** as moot.

Dated:  July 22, 2022
        New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

July 18, 2022

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Rhode-NYC, LLC v. Rhodedeodato Corp. et al.*, No. 22-CV-5185

Dear Judge Schofield:

Defendants Rhodedeodato Corp., HRBeauty, LLC, and Hailey Rhode Bieber ("Defendants") write to request leave to strike portions of three additional declarations (ECF 46-48) that constitute improper reply evidence.

*First,* although Plaintiff asserts that its submission primarily relates to new evidence of actual confusion, in fact, the supplemental declarations are riddled with new arguments and new statements of fact.  As a matter of fairness, new evidence should not be introduced on reply, especially where it goes to a movant's initial burden.  *See U.S. ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012) (regarding new reply evidence as "fundamentally unfair to defendants, because it would deprive them of an opportunity to respond"); *New Look Pty Ltd. v. Louise Paris Ltd.*, 2012 WL 251976, at *4 n.4 (S.D.N.Y. Jan. 11, 2012) (new evidence of trademark use "goes to the heart of plaintiff's contention and should have been submitted with its opening brief in order to give defendants an appropriate opportunity to respond"); *see also Wolsters Kluwer Fin. Servs., Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion").

In particular, Defendants highlight paragraphs 3-4 and 7-8 of the Khatau Reply Declaration, and 6-8 of the Collins Declaration.  Khatau Reply Decl. ¶ 3 (asserting that Plaintiff's collaborations extend to "lifestyle" products, from $5 to $200); ¶ 4 (arguing that products are related because Plaintiff sells through a "lifestyle website" affiliated with an individual mentioned in Defendants' filing); ¶¶ 7-8 (arguing that clothing and fragrances are related).  These representations are not responsive to issues raised for the first time in Defendants' opposition papers. *Kravitz v. Binda*, 2020 WL 927534, at *4 (S.D.N.Y. Jan. 21, 2020).  Rather, they relate to Plaintiff's initial burden and should have been submitted in support of Plaintiff's opening motion, if at all.

*Second*, Plaintiff attempts to evade the Court's 10-page limit for reply briefs by laundering attorney arguments through the Khatau Reply Declaration.  Paragraphs 2, 4, and 9-17 of Ms.

# Cooley

Hon. Lorna G. Schofield
July 18, 2022
Page Two

Khatau's supplemental declaration inappropriately attack Defendants' arguments and evidence in the style of a legal brief.  *See, e.g.*, Khatau Reply Decl. ¶ 2 (misrepresenting Defendants' argument as to Plaintiff's products); ¶¶ 13-16 (third-party use); ¶ 17 (coexisting marks).  Plaintiff's attempt would effectively permit Plaintiff a 14-page reply.  *See Y.N. v. Bd. Of Ed. Of Harrison Central Sch. Dist.*, 2018 WL 4609117, at *12 n.6 (S.D.N.Y. Sept. 25, 2018) (declining to consider affidavit that "presents further legal argument in an apparent attempt to evade the Court's page limitations").

The argumentative nature of Ms. Khatau's declaration is especially egregious given the absence of any foundation or factual support for many of her claims.  For example, Ms. Khatau asserts that:

- "[I]n the social media landscape, influencers often promote fashion and beauty together in their feeds and companies from both fashion and beauty seek to have such influencers promote their products."  Khatau Reply Decl. ¶ 4.
- Plaintiff told Defendants "three different times" that it did not consent to "Defendants using 'rhode' for skin care," *Id.* ¶ 12, after previously representing that there were only two such instances. *See id.* Exs. 14, 16, 18.  Ms. Khatau does not offer any explanation for her new, contradictory claim, which relates directly to Defendants' acquiescence defense.
- "None of the listed [RHODE] brands overlap in the space the same way [as the parties' marks].  And none is a celebrity brand that has the ability to swamp the market of our brand." *Id.* ¶ 14.
- "None of these [other products using "Rhode" or "Rhodes" as a product name] have caused or would be likely to cause confusion with our brand because, as consumers know, product names are not the same as fashion brand names." *Id.* ¶ 16.
- "But in any event, this list appears to include brands that are largely unknown, going out of business or small local entities." *Id.* ¶ 17.

***Third***, much of Plaintiff's new evidence only serves to further distort the record.  In particular, Plaintiff characterizes its exhibits as evidence of actual confusion, but several of these exhibits are just examples of "general mistake or inadvertence," *Reply All Corp. v. Gimlet Media, LLC*, 843 F. App'x 392, 397 (2d Cir. 2021), while the others are not evidence of mistake at all.

For example, Plaintiff once again misconstrues mistagged Instagram posts, Vickers Reply Decl. Exs. 1, 7, and misdirected communications, *id.* Exs. 2, 9; Collins Decl. Exs. 1, 5, as evidence of actual confusion.  *See* ECF 37 at 29-31.  The Second Circuit has explained that such communications "[do] not constitute 'cognizable instances of actual consumer confusion'." *Reply All*, 843 F. App'x at 397.  Plaintiff also improperly speculates that several customer service emails received by Plaintiff were intended for Defendants, even though none mention Rhode Skin or skincare products.  *See* Collins Decl. ¶¶ 5-7 ( nonetheless asserting that emails relate to 'rhode' skin care purchase[s]").  In addition, Ms. Collins cites to an email from a business partner, who is not representative of typical consumers.  *See id.* Ex. 1; *see also Giggle, Inc. v. netFocal Inc.*, 856 F. Supp. 2d 625, 636 (S.D.N.Y. 2012).  "[T]here is no reason to believe that confusion represented

# Cooley

Hon. Lorna G. Schofield
July 18, 2022
Page Three

by" Plaintiff's new exhibits "could inflict commercial injury in the form of either a diversion of sales, damage to goodwill, or loss of control over reputation." *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991).

Ms. Khatau also mischaracterizes as actual confusion, several online comments made in response to a recent post by Plaintiff regarding its lawsuit against Defendants. In each of these messages, Plaintiff's supporters self-report purported "confusion." Khatau Reply Decl. Ex. 5-8 (commenters applauding Plaintiff for suing to "protect the empire you've built"). However, the very nature of self-reporting entails that those individuals can differentiate between the parties and their offerings. Far from indicating confusion, it demonstrates the opposite. Ms. Vickers also cites to comments critical of Plaintiff's decision to sue Defendants as new evidence of irreparable harm. Vickers Reply Decl. Ex. 8. However, as Plaintiff knows, or should know, trademark law protects against consumer confusion, not public criticism.

With only two days until a hearing that will decide the future of Defendants' business, the Court should not permit Plaintiff to sandbag Defendants with new evidence that is either highly misleading, improperly introduced for the first time on reply, and/or circumvents the Court's page limits. *Wolsters Kluwer*, 2007 WL 1098714, at *1 ("It is beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."). Accordingly, this Court strike and decline to consider Exhibits 1, 2, 7, and 8 to the Vickers Reply Declaration, Exhibits 1-5 to the Collins Declaration, and Exhibits 5-8 to the Khatau Reply Declaration, as well as the declarants' corresponding characterizations of those exhibits. In addition, Defendants seek leave to strike paragraphs 2-4, and 7-17 of the Khatau Reply Declaration and paragraphs 6-8 of the Collins Declaration, as improper reply evidence.

Alternatively, to the extent the Court entertains Plaintiff's improper reply evidence, Defendants respectfully request an adequate opportunity to respond via a sur-reply. *See Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000).

Respectfully submitted,

/s/ Brendan Hughes
Brendan Hughes *(pro hac vice)*
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004
Phone:  (202) 842-7800
Email:  bhughes@cooley.com

Cooley LLP   1299 Pennsylvania Avenue NW   Suite 700   Washington, DC   20004-2400
t: +1 202 842 7800  f: +1 202 842 7899  cooley.com