

August 17, 2022

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Lisa T. Simpson**

E lsimpson@orrick.com
D +1 212 506 3767

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Rhode-NYC, LLC v. Rhodedeodato Corp., HRBeauty, LLC, and Hailey Bieber*
(No. 22-CV-5185)

Dear Judge Schofield:

   The parties jointly submit this letter in compliance with the Court's Order, dated July 11, 2022.  *See* Dkt. No. 35.

**Nature of the Case**

   *Plaintiff's Position*: Plaintiff, Rhode-NYC LLC, asserts claims against Defendants, Rhodedeodato Corp., HRBeauty, LLC d/b/a Rhode, and Hailey Bieber, for trademark infringement under 15 U.S.C. §§ 1114, trademark infringement, unfair competition and false designation in violation of Lanham Act § 43, 15 U.S.C. 1125(a), trademark infringement under New York common law and unfair competition under New York common law.

   As described more fully in Plaintiff's Motion for a Preliminary Injunction, *see, e.g.*, Dkt. Nos. 17, 45, Rhode was formed in 2013 and launched its brand RHODE in 2014 for its clothing line, a happy brand featuring innovative styles, with bright colors and prints, evocative of distant travel and fun.  The brand has achieved much success over the past 8 years:  it is sold in numerous department stores and major online vendors, is worn by variety of celebrities, and has been featured in a number of fashion publications.  Rhode has three registered trademarks for the mark RHODE in connection with a variety of clothing, bags and home products and has pending applications for other goods.

   In June of 2022, Defendants launched a skin care line under an identical mark – "rhode." Reverse confusion – "a knowing junior user with much greater economic power who saturates the market with advertising of a confusingly similar mark, overwhelming the marketplace power and value of the senior user's mark" (McCarthy §23.10) – is likely.  The case will center around the application of the Polaroid factors.  It is Plaintiff's position that Plaintiff has a strong mark in RHODE and that Defendants have adopted an identical mark for closely related goods.  Not only are fashion and cosmetics regularly recognized as closely related, here the parties operate in the same streams of commerce, with the same advertising channels and social media influencers, and



Hon. Lorna G. Schofield
United States District Judge
August 17, 2022
Page 2 of 5

Defendants are well-known in the fashion space.  Plaintiffs are likely to bridge the gap into cosmetics and skin care and Defendants told their fans that they are likely to bridge the gap into clothing. Widespread confusion across numerous stakeholders (consumers, business partners, retailers and others) has already occurred and continues.  The harm to Plaintiff's brand has been immediate and is continuing –the loss of control over the good will of the brand worsens every day Defendants market their goods.

With respect to Defendants' defenses, Plaintiff submits that its mark is arbitrary and not descriptive.  Plaintiff disputes that RHODE is perceived as primarily as a name by consumers and submits that evidence will show that, regardless, Rhode has acquired secondary meaning among consumers over the past eight years of Plaintiff's use on clothing.  With respect to Defendants' defense of acquiescence, acquiescence requires the giving of assurances, with knowledge of a defendants' conduct, that a party will not assert its trademark rights.  Plaintiff did not assure Defendants, knowing of their current use of the "rhode" mark, that it would not assert its trademark rights.  It clearly stated that if Defendants used the mark in any way that caused confusion, it would assert its rights.

***Defendants' Position***: Defendants assert that Plaintiff's claims are barred by the defense of acquiescence.  In April of 2021, Plaintiff consented to Hailey Bieber's use of the mark RHODE to sell beauty and wellness goods.  Relying on this representation, Ms. Bieber and her two companies, Rhodedeodato and HRBeauty, developed a new skincare business called Rhode Skin.  During the 14 month period before launch in June 2022, Plaintiff was silent and did not communicate with Defendants or oppose Defendants' trademark applications.  Nor did the nature of Defendants' use change beyond the scope of Plaintiff's initial consent: Defendants' goods remain limited to skincare products, which is solidly within the beauty and wellness category.  Plaintiff therefore inexcusably delayed when it sent Rhode Skin a letter merely two days before Rhode Skin's first product line launched, causing Defendants undue prejudice.

Further, Plaintiff will be unable to prove its claims on the merits.  First, Plaintiff will not be able to show valid trademark priority against Defendants, due to the absence of secondary meaning prior to Defendants' adoption of Defendants' mark.  Second, the *Polaroid* factors will not support a likelihood of confusion.  As this Court held when denying Plaintiff's motion for a preliminary injunction during the conference on July 22, 2022, Plaintiff's mark is inherently weak as a surname without sufficient evidence of secondary meaning, and the parties' products are not in competitive proximity.  Defendants believe that discovery will further support these holdings.  Discovery will also show that the remaining *Polaroid* factors fail to favor a likelihood of confusion: the marks appear distinct when observed in the marketplace; Defendants have repeatedly represented they have no intention to bridge the gap to sell clothing; Plaintiff will be unable to demonstrate the existence of actual confusion; Defendants did not adopt the mark in



Hon. Lorna G. Schofield
United States District Judge
August 17, 2022
Page 3 of 5

bad faith; the relative quality of the products are irrelevant; and consumers of both parties' products are highly sophisticated and discerning.

Additionally, Defendants are evaluating potential counterclaims, namely a counterclaim for cancellation in whole or in part of one or more of Plaintiff's federal trademark registrations for RHODE, *see* 15 U.S.C. § 1119, on the basis that the registered mark was not used in commerce in connection with the identified goods within the time period required by statute.

**Jurisdiction and Venue:**

This action arises out of alleged violations of the United States Trademark Act (the "Lanham Act") 15 U.S.C. § 1051, et seq., and subject matter jurisdiction is therefore conferred upon this Court by 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to trademarks or copyrights). This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b). Defendants do not challenge subject matter jurisdiction.

Plaintiff alleges that venue is proper in the Southern District of New York because a substantial part of the alleged events or omissions giving rise to the claims occurred in this judicial district. Defendants do not have any current plans, as of the date of this letter, to challenge venue, but reserve any right they may have to make such a challenge.

**Pending and Expected Motions:**

There are currently no motions pending before the Court. While Plaintiff anticipates that a summary judgment motion may be appropriate upon the completion of discovery, Plaintiff does not currently intend to file any motions and does not have any applications to raise with the Court at this time.

Defendants are evaluating whether to move to dismiss Rhodedeodato and/or Ms. Bieber for failure to state a claim or lack of personal jurisdiction. Defendants also anticipate filing a summary judgment motion after discovery. Defendants do not have any applications to raise with the Court at the status conference.

In addition, the parties may file, if applicable, *Daubert* motions to exclude expert testimony, and motions in limine to exclude other evidence, should any such testimony or evidence fail to satisfy applicable evidentiary rules.

All such motions would be made subject to applicable rules or orders, including the Court's Individual Rules requiring the filing of pre-motion letters.



Hon. Lorna G. Schofield
United States District Judge
August 17, 2022
Page 4 of 5

**Discovery**:

***Plaintiff's Position***: Plaintiff anticipates that discovery in this action will revolve around the *Polaroid* factors, namely: (1) the existence and strength of the parties' trademarks; (2) the parties' use of their respective marks including but not limited to sales of goods bearing those marks; (3) the similarity of the marks; (4) the proximity of the goods and marketing channels used; (5) the likelihood of bridging the gap; (6) evidence of actual confusion; (7) good faith intent in selecting the marks; (8) the sophistication of the buyers and quality of the products; (8) information bearing upon the calculation of damages; and (9) discovery around Defendants' defenses.

***Defendants' Position***: Defendants agree that discovery will encompass information relevant to the *Polaroid* factors, although Defendants do not adopt Plaintiff's listing and characterization of such factors set forth above.  Defendants also agree that discovery will encompass information bearing on the calculation of Plaintiff's alleged damages.

Defendants further plan to seek discovery on (1) the enforceability of Plaintiff's trademark, namely, whether it acquired secondary meaning by the date required for it to be enforced against Defendants, and (2) the use of Plaintiff's RHODE mark as it pertains to the above-referenced potential counterclaims.  In addition, Defendants will seek discovery on Plaintiff's awareness or understanding of Defendants' plans to use RHODE, as such information is potentially relevant to Defendants' acquiescence defense.

As of the date of this filing, the parties have not begun exchanging discovery materials.

**Damages**:

Plaintiff seeks injunctive relief and will also seek damages in the form of (1) disgorgement of Defendants' profits; (2) actual damages caused to Plaintiff, including damages for corrective advertising; and (3) attorneys' fees. Computation of these figures will depend on information obtained during discovery.

**Settlement**:

On August 10, 2022, the parties participated in an all-day mediation before private mediator Theo Cheng.  The parties made some progress towards settlement and are currently engaged in ongoing negotiations, but to date have not reached a settlement agreement.

The parties do not feel that they need a separate settlement conference at this time.



Hon. Lorna G. Schofield
United States District Judge
August 17, 2022
Page 5 of 5

Respectfully submitted,


*/s/ Lisa T. Simpson*

Lisa T. Simpson
Orrick LLP
*Counsel for Plaintiff*


*/s/ Brendan J. Hughes*

Brendan Hughes (*pro hac vice*)
Cooley LLP
*Counsel for Defendants*