UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
RHODE-NYC, LLC, :
                      Plaintiff, :    No. 22 CV 5185 (AKH)
:
v. :
:
RHODEDEODATO CORP., HRBEAUTY, LLC:
d/b/a RHODE, and HAILEY BIEBER, :
                          Defendants. :
:
:
------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public

disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

A.  Information To Be Protected as Confidential.

1. There are two designations of documents or things and oral testimony that can receive the protection of confidentiality by the Court in this action pursuant to this Order, that is, those designated (a) **"CONFIDENTIAL"** or (b) **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Any materials labeled or testimony denoted with either designation and the information contained within those materials (collectively, **"Confidential Information"**) shall not be used by any Person except in accordance with the terms of this Order. **"Persons"** include any Party to this action (the **"Action"**), and any nonparty, and means any natural person or legal entity or association of any kind of nature. All documents, or things, or oral testimony including, but not limited to, Confidential Information, produced or exchanged in connection with this Action, shall be used for purposes of this Action only and for no other purpose (including, but not limited to, any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the Person producing the documents or things or oral testimony or order of the Court. A Person producing material designated as Confidential Information shall hereinafter be referred to as the

"Producing Party." A Party receiving the material designated as Confidential Information shall hereinafter be referred to as the "Receiving Party."

2. A document, thing, or oral testimony may be designated as "CONFIDENTIAL" if it contains or reflects non-public information or matter, regardless of how it is generated, stored, or maintained, including (but not limited to) information which the Producing Party reasonably believes constitutes, discloses, or relates to private or sensitive personal information, or other non-public confidential or commercially sensitive information, including, but not limited to, business, strategy, marketing, financial, research, development, technical, personnel, or customer or supplier information.

3. A document, thing, or oral testimony may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if it contains trade secret or particularly sensitive non-public and confidential personal, proprietary, or commercially sensitive information that the Producing Party reasonably and in good faith believes would harm the personal, commercial, financial, strategic, or business interests of any Producing Party or its affiliates, officers, directors, employees, customers, or clients if disclosed to the other parties in this Action, or would create a risk of harm to a Producing Party that would not exist in the absence of such disclosure, including without limitation private health data, medical records, or other private or personal data.

4. Any document or thing (or a copy or reproduction thereof) produced by any Party or nonparty in response to any request for production or subpoena duces tecum in this Action that the Producing Party wishes to designate as Confidential Information must be designated as follows:

(a) For information in document form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains protected material.

(b) For tangible things that are not documents, the Producing Party must affix, in a prominent place on the exterior of the container or containers in which the item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) Except as specified in Paragraph 7, material that qualifies for protection under this Order must be designated as specified above before the material is disclosed or produced. Notwithstanding the foregoing, if a Producing Party discovers it has inadvertently failed to properly designate information, it may do so by promptly notifying the Party to whom the production has been made in writing that such Confidential Information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from the receipt of the notification onward. However, no Party shall be deemed to have breached this Order by means of any disclosure or use that was proper at the time prior to receiving such notification. In addition, the Producing Party shall promptly re-produce any such material with the designation made in accordance with (a) or (b) (as applicable) above.

5. (a) A Producing Party may redact the following personal information from a document before producing: residential addresses, personal telephone numbers, personal email addresses not affiliated with a company or used to conduct business on its behalf, social security numbers, taxpayer identification numbers, driver's license numbers, personal bank account numbers, passport numbers, passwords, biometric information, and health information. A Producing Party will consider reasonable requests from a Receiving Party to obtain unredacted

personal contact information (email and mailing addresses and telephone numbers) which the Receiving Party will treat as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, if the Producing Party so instructs at the time such unredacted information is produced.

(b) In addition to the information required to be redacted from documents filed with the Court under Rule 21.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions (the "**S.D.N.Y. ECF Rules**"), any Person filing a document with the Court shall also redact the following information from any such document prior to filing: (i) all contact information of Hailey Bieber or of any of her immediate family members (i.e., the entire email address, mailing address, or phone number), and (ii) at least the following contact information for any other individual: (1) in any email address, all information to the left of the "@" sign, (2) in any phone number, the last four digits, and (3) in any mailing address, all information except city and state/province. The redactions required by this Subparagraph must be made prior to filing whether or not such information is subject to a motion to seal or filed under seal.

6. In addition to documents produced in response to document requests or subpoenas, other information provided through discovery, including all or any part of discovery papers such as interrogatory responses, responses to requests for admissions, information disclosed at hearings, information obtained from inspection of premises or things, and pleadings, motions, briefs, other court papers, and other material generated in the course of this action, including, but not limited to correspondence between counsel, summaries, notes, abstracts or other instruments that comprise, embody, summarize, discuss, or quote from any documents produced in this action, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to the protections of this Order in accordance with the

procedures above. (Such procedures do not apply to deposition testimony, which is covered by Paragraph 7).

7. (a) Deposition testimony may be designated as containing Confidential Information within the meaning of this Order: (i) at any deposition session, by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice of the portions within the transcript that are so designated, sent by counsel to all Parties within fourteen (14) days after receiving a copy of the final transcript[1] thereof, pursuant to Paragraph 7(c) below. In both of the foregoing instances, the designating Party shall instruct the reporter that the appropriate confidentiality legend be affixed to each page and all portions of the original and all copies of the transcript containing any Confidential Information (but failure of such Party or the reporter to do so shall not result in dedesignation). Only those portions of the transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this action shall be deemed to contain Confidential Information. Counsel may modify this procedure for any particular deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court.

(b) Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as containing Confidential Information, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Information. The

---

[1] The "final transcript" for purposes of this Paragraph means the copy of the transcript from the officer referenced in FRCP Rule 30(b)(5) (or its associated vendor) after the deposition is completed, but excluding any earlier "rough" transcript provided by such officer or vendor. Any review by the witness and changes made under FRCP 30(e) shall not restart the calculation of time for such designations. Should briefing or other litigation deadlines make it impracticable for a party to wait fourteen days to provide the designations hereunder, then such party will consider reasonable requests of the other Party to provide such designations sooner.

failure of such other persons to comply with a request of this type shall constitute justification for counsel to advise the witness that he or she need not answer the question.

(c) The transcript of any deposition and all exhibits or attachments shall be considered protected as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from the date of the deposition until fourteen (14) calendar days from the date a copy of the final transcript is provided to counsel for the deposed party. During the fourteen (14)-calendar-day period, either Party may designate by page and line number the portions of the transcript and any specific exhibits or attachments that are to be treated as protected, by electing to designate them as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If no such designations are made and no such written notice of those designations is provided to the opposing Party within the fourteen (14)-calendar-day period, then the entire transcript and exhibits will be considered unprotected, with the exception of those exhibits previously designated as Confidential Information.

(d) The marking of any document with a confidentiality designation, redaction, or production identification label shall not affect the document's authenticity or admissibility in this Action.

8. By receiving material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Receiving Party does not thereby concede or otherwise accept that such information is in fact Confidential Information, but merely agrees to abide by the terms described in this Order with regard to that information for as long as it qualifies for protection hereunder. A Party objecting to any such Confidential Information designation, shall follow the procedure set forth in Paragraph 21 below to resolve any such objection.

B. <u>Information Not to Be Protected as Confidential Information.</u>

9. Notwithstanding the designation of any materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY, those materials shall not be deemed Confidential Information and shall not be subject to this Order if the content or substance thereof:

(a) is, or becomes, public knowledge or publicly available, other than through violation of the terms of this Order;

(b) was already in the possession of the Receiving Party before it received the material designated as Confidential Information from the Producing Party;

(c) is disclosed by a Receiving Party with the advanced written approval of the Producing Party.

Except for Confidential Information that is publicly available in the docket for this Action (i.e., on Pacer or the Court's website), and materials described in (c) above, a Party shall not unilaterally treat as non-confidential any document or information produced as Confidential Information but shall instead obtain either the agreement of the Party designating the material as Confidential Information or utilize the procedure of Paragraph 21 below before treating as non-confidential any such document or information designated as Confidential Information.

C. <u>Nonparty May Designate Information to Be Protected as Confidential.</u>

10. If any materials are obtained from any Person not a Party to this Action, including, but not limited to, deposition testimony, that nonparty shall have the same rights to designate any such materials as Confidential Information as a Party would have, and the use of those materials by the Parties shall be governed in all respects by this Order. Each Party seeking discovery from any nonparty by subpoena shall serve a copy of this Order along with the

subpoena. For subpoenas served prior to the entry of this Order, a copy of this Order shall be served promptly after such entry.

D.   Persons Who Have Access to Confidential Information.

11.   Materials designated by a Person as "CONFIDENTIAL" may be disclosed <u>only</u> to:

(a) the Receiving Party's outside counsel and in-house counsel, including support staff or other employees of such counsel as reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction (including but not limited to professional vendors);

(b) officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this Action (excluding those set forth in the preceding subparagraph (a));

(c) independent and technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work, and who are not current employees of a Party or of a Party's affiliate, and (iii) execute the Agreement attached hereto as Exhibit A;

(d) those persons who will testify at a deposition or at trial of this action and whose testimony involves those materials;

(e) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, or who can

otherwise shown to be in possession of the Confidential Information through means other than a breach of this Order;

(f) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

(g) mock jurors engaged by the Parties or their counsel to prepare for trial only in connection with such service as a mock juror, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party in this Action, (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Confidential Information, and (iii) mock jurors must first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

(h) this Court and Court staff;

(i) any mediator agreed upon by the Parties or ordered by the Court, and persons employed by the mediator, provided the mediator has agreed to be bound by this order; and

(j) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

12. Materials designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a Person may be disclosed only to:

(a) the Receiving Party's outside counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction;

(b) independent and technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work, and who (i) are not current employees of a Party or of a Party's affiliate, and (ii) at the time of retention, are not anticipated to become employees of a Party or of a Party's affiliate, and (iii) execute the Acknowledgement and Agreement to be Bound attached hereto as Exhibit A.

(c) those persons who will testify at a deposition or at trial of this Action concerning materials designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," for which counsel for the disclosing Party has a good faith basis to believe that such persons created or had such information disclosed to them prior to the Action or through means other than by violation of this Order;

(d) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(e) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

(f) the Court and Court staff;

(g) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

(h) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this Action.

13. In addition to those persons described in Paragraphs 11 and 12 above who may be receiving Confidential Information, (a) a present employee or representative of a Party may be examined and may testify concerning all documents and information designated as Confidential Information by that Party; and (b) a former employee, associate, representative, or consultant of a Party may be examined and may testify at a deposition concerning any documents or information designated as Confidential Information by that Party, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that Party.

E. Additional Requirements Concerning Disclosure of Confidential Information.

14. Prior to disclosure of or providing access to Confidential Information by any Party or its counsel to any Person in accordance with Paragraphs 11, 12, or 13, above, the person shall be informed of the existence of this Order and provided with a copy to read.[2] Each person who receives any such Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to his or her performance under, compliance with, or violation of this Order. Counsel for a Receiving Party who discloses Confidential Information to Persons required hereunder to execute the Acknowledgement and Agreement to be Bound attached hereto as Exhibit A shall collect the signed copies of such Agreement from those Persons and shall retain such copies until the conclusion of this Action. The undersigned counsel shall maintain a list of those Persons to whom any such Confidential Information has been disclosed, and that list shall be available for inspection upon request.

15. If this Court orders that disclosure of or access to Confidential Information shall be made to persons not included in Paragraphs 11-13 above, that Confidential Information shall

---

[2] This requirement does not apply to the Court or its staff.

be accessible to or disseminated to only those persons based on the conditions pertaining to and the obligations arising from this Order, and those persons shall sign the agreement attached to this Order as Exhibit A, and, in all other respects, shall be considered subject to this Order.

F.  Briefs and Other Papers Filed with the Court.

16. When any Confidential Information is filed with the Court, it shall be filed only following a motion supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. Any motion to seal shall be made in accordance with then-applicable Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, S.D.N.Y. ECF Rules, and Individual Rules of Practice in Civil Cases, unless otherwise directed by the Court.

G.  Inadvertent Disclosure.

17. No Waiver. Inadvertent disclosure of information, which a Party intended to designate as Confidential Information protected under this Order, by any Party to any Person not authorized to receive such information under this Order shall not constitute waiver of any right to claim the information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, as so protected and to request its immediate designation as protected upon discovery of the error in accordance with Subparagraph 4(c).

18. Notification re: Privileged Material. In the event of inadvertent disclosure of information subject to a claim of privilege or of protection as attorney work product by a Producing Party to a Person not authorized to receive such information, the Producing Party and the Receiving Party must comply with the procedures set forth in Federal Rule of Civil

Procedure 26(b)(5)(B), and provide written confirmation that it will cease further review, dissemination, and use of the subject information.

19. <u>502(d) Order</u>. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

H. <u>Discovery of Disclosure to Unauthorized Persons.</u>

20. If a Receiving Party learns that, inadvertently or otherwise, it has disclosed Confidential Information to any Person other than in the manner authorized by this Order, the Receiving Party responsible for the disclosure must promptly (a) upon discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all Parties and, if appropriate, to the Court, and, (b) without prejudice to other rights and remedies of any Party, take reasonable and appropriate measures to retrieve or cause the destruction of all unauthorized copies of the Confidential Information and prevent further disclosure, (c) inform the Person to whom the unauthorized disclosure was made of the all of the terms of this Order, and (d) request such Person execute the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A.

I. <u>Challenges to Designations as Protected.</u>

21. If the Parties or their counsel disagree as to whether certain information should be protected under this Order, they are obligated to negotiate in good faith regarding the designation by the Producing Party. In the event that a Receiving Party objects to the designation hereunder and seeks the removal or modification of any such designation, then the Receiving Party must notify the Producing Party of that objection in writing. If the Producing Party disagrees with the objection in whole or part, then it shall so notify the Receiving Party within ten (10) business days after receiving the objection. If the Producing Party does not so notify the Receiving Party within the ten (10)-business-day notice period, then each designation in question shall be deemed removed or modified in accordance with the objection. If the Producing Party has given written notice in accordance with this paragraph, and the Parties have not resolved all the objections by mutual agreement, then the Receiving Party seeking to remove or modify the designation of any document or information as Confidential Information shall have the burden of applying to the Court for an order granting it corresponding relief from the applicable restrictions of this Order. On any such motion, the burden of persuasion shall be on the Producing Party to establish good cause for prohibiting the disclosure or sustaining the designation in issue. Unless and until such relief is granted, the documents and information in question shall remain protected hereunder.

A Receiving Party may challenge a designation as described herein at any time, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge to such designation.

J.     Handling of Confidential Information.

22. Disclosure of Confidential Information is intended only to facilitate the prosecution or defense of this Action. The recipient of any Confidential Information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the

information and shall exercise reasonable care in securing, handling, storing, using, or disseminating Confidential Information in a manner reasonably calculated to prevent disclosure of Confidential Information to any persons not authorized under this Order.

23. Confidential Information shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this Action, and all such copies or reproductions shall be subject to the terms of this Order.

K. Demands from Federal, State, or Local Governments or Agencies.

24. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand, or other legal process or request, including, but not limited to any such subpoena, demand, or request from any federal, state, or local government or any of their agencies seeking disclosure or production of any Confidential Information, such entity or person shall give written notice of such request to all Parties within five (5) business days of receipt of the request and shall provide a copy of such subpoena, demand, process, or request to all Parties and shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand, or other process or request that any such information or documents sought are confidential and subject to this Order.

L. Handling of Confidential Information After Termination of This Action.

25. The confidentiality obligations imposed by this Order shall remain in effect after the termination of the Action until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within ninety (90) calendar days after the final termination of this Action including appeals (or resolution through settlement), each Receiving Party and their attorneys shall destroy all documents or things that constitute, contain, or disclose Confidential Information of another Party, except that (i) outside litigation counsel for each Receiving Party

may retain archival copies of Confidential Information produced by the Producing Party, including but not limited to as contained in pleadings, motions, briefs, deposition, trial, or hearing transcripts, written discovery, exhibits, legal memoranda, work product, correspondence, demonstrative exhibits, and the like derived from that Confidential Information; and (ii) a Receiving Party may retain Confidential Information that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, however, that such information shall remain Confidential Information subject to this Order.

M. <u>Handling of Confidential Information at Trial.</u>

26. Nothing herein shall preclude the offer or admission in evidence at trial of Confidential Information.

N. <u>Other Rights of the Parties and Counsel.</u>

27. Nothing in this Order shall prevent a Party from using or disclosing its own Confidential Information.

28. Nothing in this Order shall prevent the Parties from mutually agreeing to the use or disclosure of Confidential Information other than as permitted by this Order.

29. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this Action and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of such Confidential Information.

30. Nothing herein shall preclude the filing by any Party of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

31. By stipulating to the entry of this Order, no Party waives any right it would otherwise have to object to disclosing or producing any information on any ground not addressed in this Order. No Party waives any right to object on any ground to the use in evidence of any material covered by this Order.

O. Notices.

32. All notices required by this Order are to be served by email. Unless otherwise specified by a Party or its counsel in writing, notice to Plaintiff shall be by email to counsel of record from Debevoise & Plimpton LLP and notice to Defendants shall be by email to counsel of record from Cooley LLP.

P. Court's Jurisdiction After Termination of the Action.

33. This Court shall retain jurisdiction of the Parties hereto indefinitely, even after termination of this action, regarding any dispute between them respecting improper use or disclosure of Confidential Information under protection of this order.

[SIGNATURE ON NEXT PAGE]

Dated: New York, New York
October 28, 2022

By: */s/ Megan K. Bannigan*
**DEBEVOISE & PLIMPTON LLP**

Megan K. Bannigan
919 Third Avenue
New York, New York 10022
mkbannigan@debevoise.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Lisa T. Simpson
Christopher J. Cariello
Rochelle F. Swartz
51 West 52nd Street
New York, NY 10019-6142
Tel:   (212) 506-5000
Email: lsimpson@orrick.com

*Counsel for Plaintiff /*
*Counter-Defendant*

By: */s/ Rebecca Givner-Forbes*
**COOLEY LLP**

Michael Rhodes (*pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2181
Email: rhodesmg@cooley.com

Brendan Hughes (*pro hac vice*)
Rebecca Givner-Forbes (*pro hac vice*)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Phone: (202) 842-7800
Email: bhughes@cooley.com
rgf@cooley.com

Joseph Drayton
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6539
Email: jdrayton@cooley.com

*Counsel for Defendants /*
*Counter-Plaintiffs*


SO ORDERED this __1__ day of November, 2022.

_____
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York

19

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
RHODE-NYC, LLC, :
                     Plaintiff, :    No. 22 CV 5185 (AKH)
:
      v. :
:
RHODEDEODATO CORP., HRBEAUTY, LLC :
d/b/a RHODE, and HAILEY BIEBER, :
                    Defendants. :
:
:
------------------------------------------------------------x

## Acknowledgement and Agreement to Be Bound

I, _____, being duly sworn upon oath and based upon my person knowledge, depose and say that I have read the attached Stipulated Protective Order, entered _____, 2022, concerning the exchange of Confidential Information in the above-identified action, understand it, and agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Stipulated Protective Order and this Agreement by contempt proceedings or other appropriate judicial remedies.

Name: _____

Signature: _____

Date: _____