UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- X

RHODE-NYC, LLC,

Plaintiff / Counter-Defendant,

vs.

RHODEDEODATO CORP., et al.,

Defendants / Counter-Plaintiffs.

--------------------------------------- X

22-CV-5185 (AKH)

**~~JOINT MOTION~~ Order TO MODIFY SCHEDULING ORDER**

Plaintiff / Counter-Defendant Rhode-NYC, LLC ("**Plaintiff**") and Defendants / Counter-Plaintiffs Hailey Rhode Bieber, Rhodedeodato Corp. ("**Rhodedeodato**") and HRBeauty, LLC ("**HRBeauty**") (collectively, "**Defendants**," and with Plaintiff, the "**Parties**") respectfully submit this joint motion for a modification of the current scheduling order issued August 18, 2022. ECF 68 (the "**Scheduling Order**").

Specifically, the Parties wish to extend the Close of Fact Discovery (December 22) and the Close of Expert Discovery (February 3) by around 60 days, and to likewise extend other deadlines that are calculated from or related to those deadlines accordingly, as further detailed in the proposed schedule on Page 3 herein.

## I. PROCEDURAL BACKGROUND

On June 21, 2022, Plaintiff filed its Complaint and moved for a preliminary injunction. ECF 1; ECF 6. Following briefing and a hearing, Judge Schofield denied Plaintiff's preliminary injunction motion on July 22, 2022. ECF 57; ECF 63. In August, the parties engaged in mediation,

but did not reach a resolution. On August 17, 2022, the Parties filed a proposed scheduling order, which the Court entered as the Scheduling Order the following day. ECF 66; ECF 68. On August 29, 2022, after Plaintiff's new counsel entered an appearance, this case was reassigned from Judge Schofield to this Court. ECF 69. On September 12, 2022, Defendants filed their Answer and Counterclaims, and Plaintiff responded to those Counterclaims on October 3, 2022.

The Parties have diligently pursued discovery in accordance with the August 18 Scheduling Order. *See* ECF 72 (detailing written discovery that has occurred so far, including requests for production, interrogatories, and third-party subpoenas). The progress of discovery is briefly summarized below.

On August 29, 2022, the Parties served initial disclosures pursuant to Fed. R. Civ. P 26(a)(1)(A). On September 9, Plaintiff served its First Set of Requests for Production ("**RFPs**"), to which Defendants timely served responses and objections on October 11. On September 30, Plaintiff served its Second Set of RFPs and Defendants served their First Set of RFPs, to which both sets of responses and objections are due on October 31. On October 21, Defendants initiated service of subpoenas seeking documents from four third parties who sell Plaintiff's goods.[1] On October 21, the Parties each served a set of Interrogatories, to which responses and objections are due November 21.

The Parties intend to satisfy the outstanding October 31 and November 21 deadlines referenced in the above paragraph, which are not included within the scope of this motion.

[1] Two such entities were served on Friday, October 21, but for the other two entities service could not be effected until Monday, October 24.

## II. EXTENSION REQUEST

This request for an extension concerns the deadlines below that are set out in the Scheduling Order.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Responsive documents must be produced | November 15, 2022 | January 20, 2023 |
| Interrogatories and Requests for Admission shall be served | November 23, 2022 (current deadline for service of RFA) | January 27, 2023 |
| Depositions pursuant to FRCP 30, 31 shall be completed | December 22, 2022 | March 7, 2023 |
| Close of Fact Discovery | December 22, 2022 | March 7, 2023 |
| Meet and confer re: expert discovery deadlines | November 22, 2023 | March 7, 2023 |
| Joint status letter | January 5, 2023 | March 14, 2023 |
| Close of Expert Discovery | February 3, 2023 | April 28, 2023 |
| Pre-motion letters re: anticipated dispositive motions must be filed | February 8, 2023 | Cancelled (Pre-motion letters non-applicable pursuant to Judge Hellerstein's Individual Rule 2.B). |
| Case management conference re: any anticipated dispositive motions for which pre-motion letters are filed | February 22, 2023 at 4:10 pm. | Cancelled (Pre-motion letters non-applicable pursuant to Judge Hellerstein's Individual Rule 2.B). |

Status conference as to further proceedings March 24, 2023 at 10:00 a.m.

Under the Scheduling Order, the first four deadlines above may be extended without application to the Court provided that all fact discovery is completed by the deadline for the Close of Fact Discovery. ECF 68 at 3. The Parties have included such deadlines here however because their proposed schedule does modify the Close of Fact Discovery.

The Parties have not previously sought an extension of any of the above deadlines.[2] As this is a Joint Motion, all Parties consent to the proposed schedule above. The foregoing schedule includes all dates that have been previously scheduled in this matter.

[2] The Parties have previously sought extensions of other, earlier deadlines not at issue here. *See* ECF 25; ECF 60. Defendants previously sought, and were granted, a one-week extension of time

Case 1:22-cv-05185-AKH Document 74 Filed 10/31/22 Page 4 of 6

## III. ARGUMENT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). The Parties respectfully submit that good cause exists to modify the outstanding discovery deadlines in this case by approximately 60 days, primarily for the purpose of facilitating thorough document production and for scheduling fact witness depositions. While the Parties have been diligent in their discovery efforts to date, certain complexities in document production and the difficulty of scheduling depositions of all fact witnesses in late-November through mid-December provide good cause for the requested extension.

Under the Scheduling Order, document production is due to be fully completed by November 15, 2022. The Parties do not believe this can be reasonably met. During the course of the Parties' respective investigations, it has become apparent that production will involve ESI that is complicated to collect and review, including social media content and mobile text messages. Despite the Parties' diligence, they are still in the midst of their investigations and collection

---

to respond to Plaintiff's preliminary injunction motion (unconsented), as well as an extension to Answer the complaint (consented), both of which were granted. ECF 25, 26, 29. In addition, the Parties jointly sought a further extension of Defendants' deadline to Answer the Complaint, as well as to extend a couple of initial discovery and case management deadlines that are not at issue here (i.e., the deadline to meet & confer under Rule 26(f), the deadline for the Parties' Joint Civil Case Management Plan and Scheduling Order, and a rescheduling of an initial Case Management Conference then scheduled for August 24). ECF 60. The Court granted the request to extend the Answer deadline, and denied the request to extend the deadline for the Joint Civil Case Management Plan and Scheduling Order. ECF 61. It initially declined to reschedule the August 24 Case Management Conference, ECF 61, and instead cancelled that conference without rescheduling. ECF 67.

obligations and believe that the current production deadline would cause hardship for the Parties' custodians, e-discovery vendors, and counsel.

The Parties cannot reasonably move the document production deadline without also moving the Close of Fact Discovery, however, as they would not have enough time to review produced documents to identify deponents and deposition exhibits, and to also conduct the depositions. As such, the Parties submit that there is good cause for the requested extension of the deadline to produce documents and also the Close of Fact Discovery.

The difficulty of scheduling all fact witness depositions by December 22 under the current schedule is another reason for the requested extension. The Parties would need to schedule depositions with all witnesses in late November through December 22, following the receipt and review of document production, which is a period of extremely limited availability due to the holidays.

If the document production deadline and Close of Fact Discovery are extended, it is also reasonable to extend certain other deadlines triggered off of or related to these deadlines, including the deadline to serve Requests for Admission (planned for after the Parties have had a chance to review produced documents), and deadlines for expert discovery and post-discovery case management. With respect to the deadline to serve Interrogatories, while each Party met the existing deadline to serve its first set, the Parties would like to serve additional contention Interrogatories in accordance with the proposed schedule.

In addition, although the Parties expect to diligently proceed with discovery, an extended case schedule will provide the Parties with more time to explore settlement following their initial investment in mediation. The Parties do not anticipate delays as a result of possible settlement conferences, however.

Case 1:22-cv-05185-AKH Document 74 Filed 10/31/22 Page 6 of 6

Dated: New York, New York
October 31, 2022

Respectfully submitted,

s/ *Megan K. Bannigan*
**DEBEVOISE & PLIMPTON LLP**

Megan K. Bannigan
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6127
Email: mkbannigan@debevoise.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lisa T. Simpson
Christopher J. Cariello
Rochelle F. Swartz
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Email: lsimpson@orrick.com

*Counsel for Plaintiff / Counter-Defendant*

/s/ *Brendan Hughes*
**COOLEY LLP**

Michael Rhodes (pro hac vice)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2181
Email: rhodesmg@cooley.com

Brendan Hughes (pro hac vice)
Rebecca Givner-Forbes (pro hac vice)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Phone: (202) 842-7800
Email: bhughes@cooley.com
rgf@cooley.com

Joseph Drayton
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6539
Email: jdrayton@cooley.com

*Counsel for Defendants / Counter-Plaintiffs*

So ordered as modified by court.
11/1/22