| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br><br>RHODE-NYC, LLC,<br><br>　　　　Plaintiff / Counter-<br>　　　　Defendant,<br><br>　　vs.<br><br>RHODEDEODATO CORP., et al.,<br><br>　　　　Defendants / Counter-<br>　　　　Plaintiffs.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | The request is granted and the dates proposed on page 3 of this motion are adopted.<br><br>SO ORDERED.<br><br>/s/ Alvin K. Hellerstein<br>February 13, 2023<br><br>22-CV-5185 (AKH)<br><br>**JOINT MOTION TO MODIFY SCHEDULING ORDER** |

Plaintiff / Counter-Defendant Rhode-NYC, LLC ("**Plaintiff**") and Defendants / Counter-Plaintiffs Hailey Rhode Bieber, Rhodedeodato Corp. and HRBeauty, LLC (collectively, "**Defendants**," and with Plaintiff, the "**Parties**") respectfully submit this joint motion for a modification of the current scheduling order issued November 2, 2022.  ECF 76.

Specifically, the Parties wish to extend the Close of Fact Discovery (currently March 7, 2023) by 79 days to allow the Parties to resolve this dispute in formal mediation, being planned for early April.  Likewise, the Parties wish to extend the deadline to complete depositions pursuant to FRCP 30 and 32, so that depositions may occur after mediation.  The Parties therefore request the Court set the Close of Fact Discovery and the deadline for the Completion of Depositions pursuant to FRCP 30 and 32 to May 25, 2023.

**I.      PROCEDURAL BACKGROUND**

On June 21, 2022, Plaintiff filed its Complaint and moved for a preliminary injunction.  ECF 1; ECF 6.  Following briefing and a hearing, Judge Schofield denied Plaintiff's preliminary injunction motion on July 22, 2022.  ECF 57; ECF 63.  In August, the Parties engaged in formal

mediation, but were unable to complete a resolution at that time.  On August 17, 2022, the Parties filed a proposed scheduling order, which the Court entered as the Scheduling Order the following day.  ECF 66; ECF 68.  On August 29, 2022, after Plaintiff's new counsel entered an appearance, this case was reassigned from Judge Schofield to this Court.  ECF 69.  On September 12, 2022, Defendants filed their Answer and Counterclaims, and Plaintiff responded to those Counterclaims on October 3, 2022.  On November 2, 2022, the Court granted in part the Parties' request to extend certain deadlines.  ECF 76.  The Parties have diligently pursued discovery in accordance with the November 2, 2022 Scheduling Order (ECF 76) and this Court's Individual Rules.[1]

The parties are now planning to engage in in-person, formal mediation, which they are working to schedule for April 5, 2023.  Efforts to schedule mediation for February or March were unsuccessful due to a lack of mutual availability among the Parties' stakeholders and potential mediators.

Due to the schedules of anticipated deponents, the parties expect to require a few weeks after the mediation to conduct their depositions, if mediation does not resolve this case.  Accordingly, the parties request the extension detailed below.

## II.    EXTENSION REQUEST

This request for an extension concerns the deadlines identified below:

---

[1] In order to allow sufficient time for each Party to review and analyze the other Party's document productions, and in light of unavoidable delays resulting from illness caused by Covid-19, the Parties mutually agreed to extend the deadlines to serve Interrogatories to February 3, 2023 (32 days from the current close of fact discovery) and the deadline to serve Requests for Admission to February 10, 2023 (25 days from the current close of fact discovery).  The previous deadline for both events was January 27, 2023.  In the event the Court declines to extend the Close of Discovery, the Parties intend to honor their agreement, but will respond to any Requests for Admission by March 7, i.e., by the current Close of Fact Discovery.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Depositions pursuant to FRCP 30, 32 shall be completed | Tuesday, March 7, 2023 | Thursday, May 25, 2023 |
| Fact Discovery Closes | Tuesday, March 7, 2023 | Thursday, May 25, 2023 |
| Case Management Conference Re: Any anticipated dispositive motions for which pre-motion letters are filed | Friday, March 24, 2023 at 10 a.m. | Friday, June 16, 2023 at 10:00 a.m., or at another date and time that is convenient for the Court |

The Parties previously sought and were granted one extension for the Close of Fact Discovery and related deadlines. ECF 74; ECF 76. As this is a Joint Motion, all Parties consent to the proposed schedule above.

### III.     ARGUMENT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). The Parties respectfully submit that good cause exists to modify the Close of Fact Discovery and deadline for the Completion of Depositions pursuant to FRCP 30 and 32 in this case, primarily for the purpose of coordinating and facilitating mediation and, if the case does not resolve, to schedule depositions thereafter. While the Parties have been diligent in meeting their discovery obligations, the coordination of an in-person mediation and depositions thereafter require additional time that provides good cause for the requested extensions.

Under the Scheduling Order, the Close of Fact Discovery and the Completion of Depositions pursuant to FRCP 30 and 32 are set for March 7, 2023. Because of availability of the Parties and the potential mediator, the Parties do not believe these deadlines can be reasonably met while giving adequate time to coordinate, prepare for, and attend mediation. As such, the Parties submit that there is good cause for the requested extension of the Close of Fact Discovery and the

Completion of Depositions pursuant to FRCP 30 and 32.  An additional 79 days will permit the Parties to engage in fulsome mediation in an attempt to resolve finally this dispute, without the need to simultaneously focus on depositions.

Dated: February 9, 2023                                                                  Respectfully submitted,

/s/ *Megan K. Bannigan*
**DEBEVOISE & PLIMPTON LLP**
Megan K. Bannigan
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6127
Email: mkbannigan@debevoise.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lisa T. Simpson
Christopher J. Cariello
Rochelle F. Swartz
51 West 52nd Street
New York, NY 10019-6142
Tel:      (212) 506-5000
Email:   lsimpson@orrick.com

**ERVIN COHEN & JESSUP LLP**
Russell M. Selmont (*pro hac vice*)
Elliot Chen (*pro hac vice*)
9401 Wilshire Boulevard, 12th Floor
Beverly Hills, CA 90212
Tel:  (310) 273-6333
Email: rselmont@ecjlaw.com

*Counsel for Plaintiff /
Counter-Defendant*

/s/ *Rebecca Givner-Forbes*
**COOLEY LLP**
Michael Rhodes (*pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Phone:  (415) 693-2181
Email:  rhodesmg@cooley.com

Brendan Hughes (*pro hac vice*)
Rebecca Givner-Forbes (*pro hac vice*)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004
Phone:  (202) 842-7800
Emails:  bhughes@cooley.com
           rgf@cooley.com

Joseph Drayton
55 Hudson Yards
New York, NY  10001-2157
Phone:  (212) 479-6539
Email:  jdrayton@cooley.com

*Counsel for Defendants / Counter-Plaintiffs*