UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

*order on last page 9/19/23 AKH*

RHODE-NYC, LLC,

        Plaintiff / Counter-Defendant,

vs.

RHODEDEODATO CORP., et al.,

        Defendants / Counter-Plaintiffs.

------------------------------------- X

22-CV-5185 (AKH)

**JOINT MOTION TO STAY DISCOVERY**

Plaintiff / Counter-Defendant Rhode-NYC, LLC ("**Plaintiff**") and Defendants / Counter-Plaintiffs Hailey Rhode Bieber, Rhodedeodato Corp. and HRBeauty, LLC (collectively, "**Defendants**," and with Plaintiff, the "**Parties**") respectfully submit this joint motion to stay discovery for thirty (30) days while the Parties complete settlement negotiations. The Parties have reached an agreement on the core terms of a settlement that will fully resolve this matter. The requested 30-day stay will allow the Parties to focus on finalizing a comprehensive settlement agreement rather than preparing for several upcoming depositions and briefing multiple discovery joint letters in order to meet the current fact discovery deadline of November 3, 2023.

**I. PROCEDURAL BACKGROUND**

On June 21, 2022, Plaintiff filed its Complaint and moved for a preliminary injunction. ECF 1; ECF 6. Following briefing and a hearing, Judge Schofield denied Plaintiff's preliminary injunction motion on July 22, 2022. ECF 57; ECF 63. In August, the Parties engaged in formal mediation, but were unable to reach a resolution at that time. The Court entered a Scheduling Order on August 18, 2022. ECF 66; ECF 68. On August 29, 2022, after Plaintiff's new counsel

entered an appearance, this case was reassigned from Judge Schofield to this Court. ECF 69. On September 12, 2022, Defendants filed their Answer and Counterclaims, and Plaintiff responded to those Counterclaims on October 3, 2022. ECF 70; ECF 71.

On November 2, 2022, the Court granted in part the Parties' first request to extend discovery deadlines. ECF 76. On February 13, 2023, the Court granted the Parties' second request to extend discovery deadlines, in light of a second formal mediation occurring in April of 2023. ECF 86. Given the significant time and resources the Parties had devoted to the April 2023 mediation, they requested another extension of the discovery calendar, which the Court granted on May 9, 2023. ECF 90, ECF 91.

Most recently, the Parties requested a fourth extension of discovery to continue settlement negotiations and to accommodate the schedules of anticipated deponents. ECF 96. The Court granted that request following a status conference held August 11, 2023, and set the deadline to complete fact discovery at November 3, 2023. ECF 101. The Court also scheduled a status conference to regulate expert discovery for November 9, 2023 at 10:00 am. The Court has not scheduled any other deadlines or conferences in this matter.

## II.    JOINT REQUEST TO STAY DISCOVERY

The Parties have reached an agreement on all core terms of a resolution and wish to avoid spending the significant time and resources needed to complete upcoming discovery tasks and instead focus on finalizing settlement. The requested 30-day stay would permit the Parties to finalize the settlement agreement and avoid having to take several depositions, supplement document productions, and complete briefing of draft joint letters concerning several pending discovery matters in order to meet the current deadline for fact discovery.

Accordingly, the Parties request a stay of discovery of thirty days from the filing of this motion, i.e., through October 15, 2023.[1] The Parties anticipate finalizing settlement and dismissing this matter during that time. In the event that the Parties failed to do so, then discovery would resume starting Monday, October 16, 2023, with the close of discovery accordingly falling on Monday, December 4, 2023. Given their agreement on core settlement terms, however, the Parties believe it is unlikely that discovery will need to resume.

### III. ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A "district court has considerable discretion to stay discovery." *Integrated Sys. & Power, Inc. v. Honeywell Intern.*, Inc., No. 09-cv-6874, 2009 WL 2777076, at *1 (S.D.N.Y. 2009). The Parties are close to resolving this case, and activities like taking depositions, supplementing document productions, and briefing discovery joint letters are counterproductive to settlement negotiations and a significant drain on resources. A stay of discovery will allow the Parties to instead finalize and formalize their resolution without needing to simultaneously manage substantial discovery obligations. Further, a stay will promote

---

[1] During the requested stay, the Parties would not engage in any discovery, including (i) conducting depositions; (ii) conferring or briefing concerning pending or new discovery disputes; (iii) producing documents or supplementing written discovery responses; or (iv) pursuing discovery from third parties.

3

judicial economy by saving the Court from having to review and rule on multiple joint discovery letters that may be rendered moot in light of the likely settlement agreement.

For the foregoing reasons, the Parties jointly and respectfully request that the Court stay discovery through October 15, 2023.

Dated: September 15, 2023                            Respectfully submitted,

/s/ *Megan K. Bannigan*                              /s/ *Rebecca Givner-Forbes*
**DEBEVOISE & PLIMPTON LLP**                         **COOLEY LLP**
Megan K. Bannigan                                    Michael Rhodes (*pro hac vice*)
Erol N. Gulay                                        3 Embarcadero Center, 20th Floor
Anna M. Rennich                                      San Francisco, CA 94111
66 Hudson Blvd.                                      Tel.: (415) 693-2181
New York, New York 10001                             Email: rhodesmg@cooley.com
Tel: (212) 909-6127
Email: mkbannigan@debevoise.com                      Brendan Hughes (*pro hac vice*)
                                                     Rebecca Givner-Forbes (*pro hac vice*)
**ORRICK, HERRINGTON &**                             Kayla Blaker (*pro hac vice*)
**SUTCLIFFE LLP**                                    Natalie Pike (*pro hac vice*)
Lisa T. Simpson                                      1299 Pennsylvania Ave., NW, Suite 700
Christopher J. Cariello                              Washington, DC 20004
Rochelle F. Swartz                                   Tel.: (202) 842-7800
51 West 52nd Street                                  Emails: bhughes@cooley.com
New York, NY 10019-6142                              rgf@cooley.com
Tel: (212) 506-5000                                  kblaker@cooley.com
Email: lsimpson@orrick.com                           npike@cooley.com

**ERVIN COHEN & JESSUP LLP**                         Joseph Drayton
Russell M. Selmont (*pro hac vice*)                  55 Hudson Yards
Elliot Chen (*pro hac vice*)                         New York, NY 10001-2157
9401 Wilshire Boulevard, 12th Floor                  Tel.: (212) 479-6000
Beverly Hills, CA 90212                              Email: jdrayton@cooley.com
Tel: (310) 273-6333
Email: rselmont@ecjlaw.com                           *Counsel for Defendants / Counter-*
                                                     *Plaintiffs*
*Counsel for Plaintiff /*
*Counter-Defendant*

A suggestion of settlement having been made, this case is dismissed. If the settlement is not consummated within 30 days of this order, or an authorized enlarged date, either party may apply by letter for restoration of the action within 10 days after the close of said period. All pending court dates are cancelled. The Clerk is directed to close the case.

Alvin K. Hellerstein, U.S.D.J.
Date: 9-18-23